WESTCHESTER COUNTY.—HON. OWEN T. COFFIN,
SURROGATE.—October, 1886.

COCKS *v.* HAVILAND.

*In the matter of the estate of* JOHN COCKS, *deceased.*

A petition presented to a Surrogate's court, embodying a general statement of facts, addressed to its equitable consideration, as if it were possessed of ordinary common law powers, must be denied, in view of the rule that the jurisdiction of such tribunal can be exercised only in the cases and manner prescribed by statute (Code Civ. Pro., § 2472).

An allegation that one of two or more co-executors is insolvent, and has no assets in his hands, does not obviate the necessity of making him a party to a special proceeding instituted by a beneficiary of the will, seeking to enforce the payment of money, *e. g.*, arrears of an annuity, due to petitioner thereunder.

IN February, 1882, a decree in regard to this estate was entered, pursuant to the decision reported in 5 *Redf.*, 406. Phebe C. Haviland, an executrix of the will of the deceased, was then found to have certain funds of the estate in her hands, which were directed to be converted and invested by the executors, with a view to producing the annuity of $777.03, to which Adelia Cocks, the widow of the testator, was entitled by virtue of the provisions of the will, as modified by the action of the parties; and Harrison Cocks, George J. Barlow and Mary Barlow, other executors of the will, were decreed to pay the arrears of annuity then due to Mrs. Cocks, the widow, amounting to upwards of $4,000, and to invest properly sufficient funds of the estate, which, together with those in the hands of Mrs. Haviland, should produce the annuity for the future.

The widow now presented an application reciting the above facts, and alleging that said Harrison Cocks and the Barlows had failed to pay said arrears of annuity, that they were insolvent, that they had no assets of the estate at the time of the entry of the decree and had received none since, that she had received no part of the sum so directed to be paid, nor of the annuity which had accrued since the entry of said decree, and praying for a decree directing said Phebe . C. Haviland, as executrix, to pay the arrears of annuity now due to her, out of the funds of the estate in her hands.

JAMES A. HUDSON, *for petitioner.*

M. L. COBB, *for Mrs. Haviland :*

Objected that the proper parties had not been cited.

THE SURROGATE.—It is difficult to understand what provision of the 18th chapter of the Code, the counsel for the petitioner had in view, when the petition in this matter was prepared. The object is not to enforce obedience to a decree directing the payment of money, for those who were so directed are not made parties ; nor does the proceeding seem to be instituted under the provisions of § 2717, for there is no prayer for a citation as therein provided, and if there were one prayed for as against Mrs. Haviland, it would not be sufficient, as, it seems, all of the executors should be cited under that section ; nor is the object to compel Mrs. Haviland to show cause why she should not render an account, with the view to obtaining the payment of the legacy. It seems to be rather a general

statement of facts addressed to the equitable consideration of the court as if it were possessed of general common law powers, and without regard to the fact that its jurisdiction must be exercised only in the cases, and in the manner, prescribed by statute.

The decree referred to directs the executrices and executors to convert into money certain securities and assets then in the hands of Phebe C. Haviland, one of their number, and to invest the same as directed by the will, in her name as executrix. They were all interested in the performance of this duty ; none of them have resigned or been removed, and they should, therefore, be made parties to any proceeding instituted by the widow to enforce what she claims to be her just rights under the will. The allegation in the petition that the Barlows and Harrison Cocks are insolvent, and have no assets of the estate in their hands, does not obviate the necessity of citing them, as they would otherwise be deprived of the right to file a written answer, as provided by § 2718 of the Code.

The application, in its present form, must be denied, with leave to the petitioner to renew it in such mode as she may be advised ; it being suggested, however, that such a course ought to be adopted as will lead to a final judicial settlement of the account of the executors.